UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAYMOND XAVIER, | Case No. 2:25-cv-1012-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| DAVID GONZALEZ, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this § 1983 action against David Gonzalez, D. Condon, J. Avina, R. Haynie, and A. Reilly—correctional officers at Mule Creek State Prison—as well as Pekke, a nurse, and J. Costa, a psychiatrist, alleging violations of the Eighth and Fourteenth Amendments and state law torts. ECF No. 1. Plaintiff sufficiently alleges Eighth Amendment claims against Gonzalez, Condon, and Avina for excessive force, and against Haynie for failure to train, in their individual capacities, but his remaining allegations fail to state a claim. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on May 19, 2021, he arrived at California State Prison—Sacramento for Segregated Housing Placement, and he was notified that he would be separated from his belongings and placed in a fourteen-day quarantine to prevent the spread of COVID-19 in the facility. *Id.* at 14. He alleges that during this quarantine, his rights and privileges were suspended, and he was denied access to his mental health programs, his legal work, canteen orders, yard access, religious services, and communication with his family and attorneys. *Id.* at

1  14-15.  He alleges that he filed a grievance related to these issues, and that he suffered retaliation
2  for this.  *Id.* at 15.

3        Plaintiff alleges that twenty days into his quarantine, Gonzalez entered his cell block, and,
4  when plaintiff attempted to speak with Gonzalez about the issues he was having, Gonzalez began
5  yelling at him.  *Id.*  Shortly thereafter, Gonzalez returned with three other staff members and
6  conducted a random cell search, which plaintiff alleges was retaliatory.  *Id.* at 16.  Plaintiff was
7  taken to an outside holding cell, and twenty minutes later was allowed to reenter his cell,
8  whereupon Gonzalez told him that no one cared about his legal work and that plaintiff needed to
9  "smarten the f—k up."  *Id.*  When Gonzalez left plaintiff's cell, plaintiff realized that letters, legal
10 notices, his lunch and snacks, clothing, and a calendar were missing.  *Id.*  Plaintiff then filed a
11 complaint against Gonzalez and started a hunger strike.  *Id.* at 16-17.

12       Two days into his hunger strike, plaintiff alleges that Gonzalez, Condon, and Avina came
13 to his cell and conducted another search.  *Id.* at 17.  Condon handcuffed plaintiff, and when he
14 exited his cell, plaintiff kneeled and submitted to leg irons.  *Id.*  Once the search ended, plaintiff
15 was ordered to return to his cell.  *Id.* at 18.  Plaintiff contends that once he entered the threshold
16 of his cell, Gonzalez grabbed his arm and stated, "stop resisting."  *Id.*  Plaintiff alleges that "stop
17 resisting" was "clearly a pre-arranged signal" between the three defendants, because as soon as
18 Gonzalez made that statement, plaintiff was scooped and slammed forward.  *Id.*  Plaintiff alleges
19 he briefly lost consciousness, and when he awoke, Gonzalez was punching plaintiff on his face
20 and head while Avina struck and twisted his legs.  *Id.* at 19.  Gonzalez then told plaintiff "I told
21 you to shut the f—k up," took plaintiff's silver chain from around his neck, and began dragging
22 plaintiff by his legs out of his cell.  *Id.*

23       Plaintiff alleges that Gonzalez, Condon, and Avina escorted him from the building, and
24 they passed Haynie in the hallway.  *Id.* at 20.  Plaintiff asked Haynie whether he "let his sergeant
25 run around beating prisoners in restraints," and Haynie responded by saying, "if you're running
26 your mouth, you're lucky you still have your teeth."  *Id.*  Plaintiff alleges that Haynie's statement
27 shows that Haynie knew plaintiff had been beaten and approved of the constitutional violation,
28

1  and that Haynie's mentality was "pervasive and systematic" within the California Department of
2  Corrections and Rehabilitation ("CDCR"). *Id.*

3      Plaintiff alleges he was then taken to a holding cell, where he was approached by Pekke,
4  who prepared a medical injury report. *Id.* Plaintiff told Pekke he had experienced excessive
5  force from Gonzalez, and a nearby officer—Reilly—immediately interrupted and told Pekke to
6  not document what plaintiff said. *Id.* at 20-21. Reilly then told Pekke to write down that plaintiff
7  did not know what happened. *Id.* at 21. Plaintiff alleges that this shows a conspiracy between
8  Pekke and Reilly to fabricate a false statement. *Id.*

9      Plaintiff alleges that a few hours later, Costa arrived to interview plaintiff, whereupon
10 plaintiff asked Costa to contact the prison investigative unit to document plaintiff's injuries and to
11 conduct a full investigation into the incident, as well as to contact an outside agency. *Id.* at 22.
12 He alleges that he told Costa that he feared returning to his cell because he did not want to be
13 beaten again. *Id.* Costa told plaintiff that he would document plaintiff's injuries and contact his
14 supervisor, and he plaintiff that he would be able to request copies of his medical records. *Id.*
15 Plaintiff asserts that he received a copy of his records and saw that Costa did not properly
16 document his injuries and that he had failed to intervene and to assist plaintiff by reporting the
17 incident. *Id.* Plaintiff alleges that Costa's actions were done purposefully to assist the defendants
18 in avoiding accountability. *Id.* Plaintiff alleges that he returned to his cell where he continued to
19 receive medical treatment for his injuries. *Id.* at 25-26.

20     Based on the above allegations, plaintiff alleges that Gonzalez, Condon, and Avina used
21 excessive force against him in violation of the Eighth Amendment. *Id.* at 27-29. He also alleges
22 that Haynie violated his Eighth and Fourteenth Amendment rights by failing to adequately train
23 his correctional staff in the appropriate use of force and by failing to supervise them. *Id.* at 29-30.
24 Next, he alleges that Reilly and Pekke violated his Eighth Amendment right to be free from cruel
25 and unusual punishment and that they violated his Fourteenth Amendment right to equal
26 protection by conspiring to generate and file false medical reports in violation of California Penal
27 Code § 134. *Id.* at 21, 31-33. Plaintiff also makes passing references state law torts of battery,
28 negligence, medical negligence. *Id.* at 12.

1    Plaintiff brings these claims against defendants in their individual and official capacities.
2 *Id.* at 4.  He seeks monetary damages and a declaratory judgment, asking the court to declare that
3 defendants' actions violated plaintiff's constitutional rights.  *Id.* at 8.

4    As an initial matter, plaintiff's claims against defendants in their official capacities cannot
5 proceed.  Claims for damages against a state official in his or her official capacity are, absent a
6 waiver by the state or congressional override, barred by the Eleventh Amendment.  *Kentucky v.*
7 *Graham*, 473 U.S. 159, 169-70 (1985).  There is no waiver here, and § 1983 has not abrogated a
8 state's immunity under the Eleventh Amendment.  *Dittman v. California*, 191 F.3d 1020, 1026
9 (9th Cir. 1999).  While plaintiff seeks declaratory relief, such relief does not fit within an
10 exception to this immunity, because the declaratory relief plaintiff seeks is retrospective rather
11 than prospective.  *See Green v. Mansour*, 474 U.S. 64, 74 (1985); *Nat. Res. Def. Council v. Cal.*
12 *Dep't of Transp.*, 96 F.3d 420, 423-24 (9th Cir. 1996) (affirming dismissal of claims for civil
13 penalties and declaratory relief based on past conduct).  Accordingly, plaintiff's claims against
14 defendants in their official capacities fail.

15    As for the remaining claims against defendants in their individual capacities, for the
16 purposes of screening, plaintiff's allegations sufficiently allege a cognizable Eighth Amendment
17 excessive force claim against Gonzalez, Condon, and Avina.  *See Hudson v. McMillian*, 503 U.S.
18 1, 6-7 (1992) (outlining the three showings a plaintiff must make to adequately allege an Eighth
19 Amendment excessive force claim: (1) defendants used force; (2) the force was excessive and
20 applied maliciously to cause plaintiff harm; and (3) the plaintiff suffered harm).

21    Plaintiff's allegations against Haynie also state a cognizable Eighth Amendment claim for
22 failure to train.  "[A] plaintiff may state a claim against a supervisor for deliberate indifference
23 based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or
24 her subordinates."  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011); *see also Flores v. Cnty. of*
25 *Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014) (holding that a claim for failure to train requires
26 allegations showing that a supervisor "was deliberately indifferent to the need to the need to train
27 subordinates, and the lack of training actually caused [a] constitutional harm or deprivation of
28 rights").  However, to the extent that plaintiff brings this claim under the Fourteenth Amendment,

plaintiff's claim fails because he has not alleged that he was not afforded any process that was due, and, as a state inmate, his claims for failure to train are analyzed under the Eighth Amendment.

Plaintiff's claims against Pekke and Reilly fail to state cognizable conspiracy claims based Eighth and Fourteenth Amendments. To allege a cause of action for conspiracy under § 1983, a plaintiff must show (1) the existence of an express or implied agreement among defendants to deprive plaintiff of his constitutional rights and (2) the actual deprivation of those rights. *Ting v. United States*, 927 F.2d 1504, 1512 (9th Cir. 1991). To establish an Eighth Amendment violation, a plaintiff must allege that he was deprived of something sufficiently serious and that the deprivation occurred with a deliberate indifference to the plaintiff's health or safety. *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009). To sufficiently state a Fourteenth Amendment equal protection claim, a plaintiff must show that a defendant acted with a discriminatory intent or purpose against plaintiff based on the plaintiff's membership in a protected class. *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1022 (9th Cir. 2020).

Plaintiff's conspiracy-based Eighth and Fourteenth Amendment claims fail because he has not demonstrated that he was actually deprived of his constitutional rights. As for his Eighth Amendment claim, Plaintiff's allegations fail to show how Pekke or Reilly were deliberately indifferent to his medical needs, since plaintiff's allegations demonstrate that he was provided ongoing medical care after the incident. *See Foster*, 554 F.3d at 812. Additionally, plaintiff's allegations fail to show that Pekke and Reilly's actions were undertaken in a discriminatory manner based on plaintiff's membership in a protected class. *See Sampson*, 974 F.3d at 1022.

To the extent that plaintiff bases his conspiracy claim on Pekke and Reilly's violation of California Penal Code § 134—a criminal statute that penalizes the preparation of false documentary evidence—such claim fails. Criminal statutes do not create private rights of action, and violations of a criminal statute cannot serve as a basis for civil liability. *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming dismissal of sixteen causes of action predicated on violations of the California Penal Code "[b]ecause these code sections do not create enforceable individual rights").

Finally, to the extent that plaintiff brings his claims against Costa, such claims fail because plaintiff has failed to make any specific allegations of wrongdoing by Costa. Moreover, to the extent that plaintiff attempts to bring state law claims of battery, negligence, and medical negligence, those claims fail because plaintiff only makes passing references to these issues.

Plaintiff may either notify the court that he wishes to proceed on his cognizable Eighth Amendment claims against defendants Gonzalez, Condon, and Avina for excessive force, and Haynie for failure to train, in their individual capacities, in which case I will direct service, or he may elect to amend his complaint. If plaintiff amends his complaint, I will delay serving any defendant and will screen his amended complaint in due course. Plaintiff is reminded that any amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1. Within thirty days from the service of this order, plaintiff must indicate his intent to proceed only with his Eighth Amendment claims against defendants Gonzalez, Condon, and Avina for excessive force, and Haynie for failure to train, in their individual capacities, or he must file another amended complaint. If he selects the latter, no defendants will be served until the new complaint is screened.

2. The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

IT IS SO ORDERED.

Dated:   May 5, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

7